## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN HARRIS** | * | CIVIL ACTION No.: |
| | * | |
| versus | * | SECTION: |
| | * | |
| **OCEANEERING INTERNATIONAL, INC.** | * | JUDGE: |
| | * | |
| | * | MAG. JUDGE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SEAMAN'S SUIT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **BRIAN HARRIS**, a person of the full age of majority and resident of Escambia County, State of Florida, and for his Complaint for Damages, respectfully avers as follows:

**1.**

Plaintiff brings this cause of action pursuant to the General Maritime Law and the provisions of 46 U.S.C. §30104, et al, commonly referred to as the Jones Act, and all statutes supplemental and amendatory thereto.

**2.**

Made Defendant herein is **OCEANEERING INTERNATIONAL, INC.**, a Delaware corporation doing business in the State of Louisiana and within the jurisdiction of this Honorable Court with its principal business establishment in Louisiana located at 5004 Railroad Avenue, Morgan City, Louisiana 70390, and its registered office in Louisiana located at 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816.

**3.**

At all times pertinent hereto, **OCEANEERING INTERNATIONAL, INC.** was the employer of **BRIAN HARRIS** and/or the owner, owner *pro hac vice*, charterer and/or operator of the **M/V INTERVENTION 1**.

**4.**

At all times material, Plaintiff, **BRIAN HARRIS**, was employed by **OCEANEERING INTERNATIONAL, INC.** as a seaman assigned to the **M/V INTERVENTION 1**.

**5.**

At all times relevant herein, the **M/V INTERVENTION 1** was a vessel owned, operated and/or controlled by **OCEANEERING INTERNATIONAL, INC**. and was operating in navigable waters off the coast of Louisiana.

**6.**

In or about late December, 2014, Plaintiff was performing his assigned duties as a seaman aboard the vessel. In the course of the performance of these duties, Plaintiff was caused to sustain severe and disabling injuries to his arm and other parts of his body when his arm struck the end of a pipe bracket that had only been partially removed leaving a jagged protruding piece of steel. At the time of his injury, plaintiff was in the process of wiping up hydraulic oil that had been leaking for months from equipment located in the Z Drive room aboard the vessel. In order to remove this oil, it was necessary for Plaintiff to assume a dangerous and awkward position. While in this dangerous and awkward position, Plaintiff's arm was thrust against the cut-off end of the metal bracket resulting in the injuries at issue.

**7.**

On information and belief, the fact of this leaking oil was known to Defendant which, rather than incur the cost of repairing or replacing the leaking equipment, allowed the equipment to leak and only ordering the vessel's crew to remove all evidence of the leak in advance of inspections by Defendant's customer.

**8.**

Plaintiff's injury was caused by the sole fault and negligence of Defendant, **OCEANEERING INTERNATIONAL, INC** and by the unseaworthiness of the **M/V INTERVENTION 1** and her appurtenances.

**9.**

The fact of Plaintiff's accident and injury were promptly reported by Plaintiff to **OCEANEERING INTERNATIONAL, INC**. Upon arrival at shore, Plaintiff was taken to a medical facility by his employer. Following examination, the treating physician recommended that Plaintiff receive a steroid or other form of injection into the arm. Despite this recommendation, Defendant's representative attending the medical examination instructed Plaintiff not to undergo the injection in order to avoid Defendant incurring a "recordable incident". In view of this instruction, Plaintiff did not receive the recommended injection and was returned to the vessel where he was initially place on light duty and subsequently released.

**10.**

Defendant's insistence that Plaintiff not undergo medical treatment recommended by his treating physician was arbitrary, capricious and a contributing cause of Plaintiff's damages.

**11.**

Defendant, **OCEANEERING INTERNATIONAL, INC.**, as Plaintiff's employer, had and continues to have the absolute and nondelegable duty to provide Plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

**12.**

As a result of the aforementioned accident, Plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman. Plaintiff is entitled to past, present and future maintenance payments from Defendant at a rate of $60.00 a day. Plaintiff is also entitled to the payment by **OCEANEERING INTERNATIONAL, INC.** of all past, present and future cure.

**13.**

Defendant, **OCEANEERING INTERNATIONAL, INC.**, has arbitrarily and capriciously failed to honor its maintenance and cure obligations. Plaintiff is therefore entitled to attorney fees, punitive damages and an additional compensatory award for those acts by or on behalf of Defendant which resulted in deterioration of the Plaintiff's medical condition.

**14.**

Plaintiff specifically alleges a claim for punitive damages against the Defendant based upon General Maritime Law. This claim related not only to any arbitrary and/or unreasonable failure of Defendant to pay maintenance and cure benefits, but also for the gross negligence and intentional acts by or on behalf of Defendant, as well as the unseaworthiness of its vessel.

15.

As a result of his injuries sustained aboard the **M/V INTERVENTION 1,** as well as Defendant's refusal to provide necessary and proper medical care to Plaintiff, Plaintiff has sustained damages including, but not limited to, pain and suffering, mental anguish, loss of past and future income, loss of enjoyment of life, loss of earning capacity, embarrassment, disability and other damages that will be shown at the trial of this matter.

**16.**

Plaintiff prays for a trial by jury on all issues.

**WHEREFORE**, Plaintiff prays that this Complaint be deemed good and sufficient, and that after due proceedings had, there be judgment herein in favor of Plaintiff, **BRIAN HARRIS**, and against Defendant, **OCEANEERING INTERNATIONAL, INC**., for all damages to which he may entitled, including attorney fees, punitive damages, penalties, interest and all costs of these proceedings;

Plaintiff further prays that Defendant, **OCEANEERING INTERNATIONAL, INC**, be cast in judgment in favor of Plaintiff for all past, present and future maintenance and cure benefits to which Plaintiff is entitled, as well as all penalties and punitive damages as applicable and warranted under the circumstances; and for all other just and equitable relief to which he may be entitled

Respectfully Submitted,

          __s/ Bryce M. Addison_____
          **BRYCE M. ADDISON, (La. Bar No. 36345**)
          **KOCH & SCHMIDT, L.L.C.**
          650 Poydras Street, Suite 2660
          New Orleans, LA 70130
          Telephone: (504) 208-9040
          Facsimile:  (504) 208-9041
          *Counsel for Plaintiff, Brian Harris*

## CERTIFICATE OF SERVICE

I, Bryce M. Addison, do hereby certify that a copy of this document was electronically-filed with the Clerk of Court using the CM/ECF system on this 7th day of June, 2016.

          ____s/ Bryce M. Addison_____